JOHN GIORDANO
United States Attorney
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2736
david.simunovich@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Petitioner*,<br><br>v.<br><br>RODERICK JEFFERSON,<br><br>*Respondent*. | Civil Action No. 25-1931 |

BRIEF IN SUPPORT OF PETITION FOR
SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND

*On the brief:*

DAVID V. SIMUNOVICH
Assistant United States Attorney

## **TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT** ...................................................................................1

**II. BACKGROUND** ..........................................................................................................1

    A. The Government's Investigation ...................................................................1

    B. The CID ..........................................................................................................2

    C. Jefferson Fails to Appear for his Testimony ..................................................2

**III. ARGUMENT** ...............................................................................................................3

    A. CID Enforcement Proceedings Should be Limited in Scope to Encourage "Expeditious" False Claims Act Investigations ...........................5

    B. The U.S. Attorney's Office is Authorized to Conduct this Investigation and the CID Meets all Procedural Requirements ..........................................5

    C. The CID seeks Evidence Relevant to the Investigation .................................7

    D. The CID is Neither Indefinite nor Unduly Burdensome .................................8

**IV CONCLUSION** ............................................................................................................9

# **TABLE OF AUTHORITIES**

***Cases*** *Page(s)*

*Avco Corp. v. U.S. Dep't of Justice,*
   884 F.2d 621 (D.C. Cir. 1989)..................................................................................3

*Dole v. Trinity Industries, Inc.,*
   904 F.2d 867 (3d Cir.), *cert. denied*, 498 U.S. 998 (1990)...........................................7

*EEOC v. Karuk Tribe Hous. Auth.,*
   260 F.3d 1071 (9th Cir. 2001)....................................................................................7

*FDIC v. Wentz,*
   55 F.3d 905 (3rd Cir. 1995).......................................................................................8

*FTC v. Invention Submission Corp.,*
   965 F.2d 1086 (D.C. Cir. 1992).................................................................................4

*FTC v. Texaco,*
   555 F.2d 862 (D.C. Cir. 1997)........................................................................5, 7, 8, 9

*In re EEOC,*
   709 F.2d 392 (5th Cir. 1983).....................................................................................5

*In re* McVane,
   44 F.3d 1127 (2d Cir. 1995) ..................................................................................5, 8

*Oncology Services Corp.,*
   60 F.3d 1015 (3rd Cir. 1995).....................................................................................7

*Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Board,*
   878 F.2d 875 (5th Cir. 1989).....................................................................................7

*SEC v. Brigadoon Scotch Distrib. Co.,*
   480 F.2d 1047 (2d Cir 1973) ....................................................................................8

*UMDNJ v. Corrigan,*
   347 F.3d 57 (3d Cir. 2003) .......................................................................................5

*United States v. Golden Valley Elec. Ass'n,*
   689 F.3d 1108 (9th Cir. 2012)...................................................................................8

*United States v. Hunton & Williams,*
   952 F. Supp. 843 (D.D.C. 1997)...............................................................................7

*United States v. Markwood*,
   48 F.3d 969 (6th Cir. 1995) ............................................................................. 4, 5

*United States v. Morton Salt Co*,
   338 U.S. 632, 70 S. Ct. 357, 94 L. Ed. 401 (1950) ....................................... 9

*United States v. Neifert-White Co.*,
   390 U.S. 228 (1968) ............................................................................................ 6

*United States v. Stuart*,
   489 U.S. 353 (1989) ............................................................................................ 5

*United States v. Witmer*,
   835 F. Supp. 208 (M.D. Penn. 1993), *aff'd*, 30 F.3d 1489 (3d Cir. 1994) ............... 4

### *Statutes*

31 U.S.C. § 3729(a)(1) ................................................................................................ 3

31 U.S.C. § 3733 ..................................................................................................... 4, **7**

31 U.S.C. § 3733(a)(1) ............................................................................................ 4, 6

31 U.S.C. § 3733(a)(2) ................................................................................................ 6

31 U.S.C. § 3733(a)(2)(D) ........................................................................................... 2

31 U.S.C. § 3733(a)(2)(D)(i-v) ................................................................................ 2, 7

31 U.S.C. § 3733(j) ...................................................................................................... 4

### *Regulations*

28 C.F.R. Appendix to Subpart Y of Part 0 (2015) ................................................. 6

# I. PRELIMINARY STATEMENT

The United States brings this proceeding to enforce a validly-issued civil investigative demand for the oral testimony of Respondent Roderick Jefferson. The Government personally served Jefferson with the demand for his testimony. And despite multiple requests, he has failed to appear for his testimony or otherwise engage with the Government to seek an adjournment of his interview date.

Jefferson's failure to appear is impeding a legitimate law enforcement investigation into whether an entity violated the False Claims Act in making false statements in loan applications to obtain more than $4 million in loans under the federal Paycheck Program ("PPP"). The United States is entitled to summary enforcement of Civil Investigative Demand No. NJ-2024-113 ("the CID") because it meets the three requirements for enforcing an administrative subpoena: the CID was issued by an authorized official; it meets all procedural requirements; and it seeks evidence that is relevant to the investigation.

# II. BACKGROUND

## A. The Government's Investigation

Jefferson was previously employed by an entity (hereinafter, the "Subject Borrower") that is currently the focus of a False Claims Act investigation. Declaration of AUSA David V. Simunovich, dated March 18, 2025 ("Simunovich Decl.") ¶ 4. That investigation focuses on whether the Subject Borrower made, or caused to be made, false statements to obtain more than $4 million in PPP loans. *Id.*

**B.     The CID**

In furtherance of the investigation, on or about December 9, 2024, a duly-authorized official at the U.S. Attorney's Office approved the CID. *Id.* ¶ 5 & Exhibit 1. On or about February 11, 2025, federal law enforcement officers personally served the CID on Jefferson. *Id.* ¶ 6.

The CID seeks Jefferson's oral testimony pursuant to 31 U.S.C. § 3733(a)(2)(D). The testimony is relevant and material to the Government's investigation into whether the Subject Borrower, or caused to be made, false statements to obtain loans under PPP, in violation of the False Claims Act. Consistent with the CID statute, the CID (i) prescribes a date, time, and place at which oral testimony shall be taken; (ii) identifies a false claims law investigator who shall conduct the examination and the custodian to whom the transcript of such examination shall be submitted; (iii) specifies that the witness's attendance and testimony are necessary to the conduct of the investigation; (iv) notifies the witness of the right to be accompanied by an attorney and any other representative; and (v) describes the general purpose for which the demand is being issued and the general nature of the testimony, including the primary areas of inquiry, which will be taken pursuant to the demand. Simunovich Decl., Exh, 1; *see also* 31 U.S.C. § 3733(a)(2)(D)(i-v) (prescribing requirements for testimonial CIDs).

**C.     Jefferson Fails to Appear for His Testimony**

Despite multiple attempts to procure Jefferson's voluntary compliance with the CID, he has not appeared for his testimony and has not agreed to a date certain by which his testimony can be taken. *See* Simunovich Decl. ¶¶ 6-10.

The Government personally served Jefferson with the CID on February 11, 2025. *Id.* ¶ 6. The CID required that Jefferson appear at the U.S. Attorney's Office in Newark, New Jersey 30 days later, on March 13, 2025, at 10:00 am. *Id.* ¶ 7. On February 14, 2025, the Government sent a follow-up letter to Jefferson inviting him to contact the U.S. Attorney's Office to make alternate arrangements for his interview if the March 13th date was inconvenient for him. *Id.* ¶ 8 & Exh. 2. Jefferson failed to appear for his interview on March 13th; he also failed to contact the U.S. Attorney's Office to request alternate arrangements. *Id.* ¶ 9. After he failed to appear, this Office sent Jefferson a follow-up letter, advising him of his non-compliance, requesting that he contact the Office by March 17th to make alternate arrangements, and advising him that if he failed to make such arrangements voluntarily, the Government would seek appropriate relief from the Court. *Id.* ¶ 10 & Exh. 3.

As of the date of this submission, Jefferson has neither appeared for his testimony nor contacted our Office to schedule an alternate date. *Id.* ¶ 10.

### III.    ARGUMENT

The False Claims Act is "the government's primary litigative tool for the recovery of losses sustained as the result of fraud against the government." *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989). The False Claims Act allows the United States to collect statutory damages and civil penalties from a person that knowingly submits, or causes to be submitted, a false or fraudulent claim for payment to the government or, in some cases, to a recipient of federal funds. 31 U.S.C. § 3729(a)(1).

The False Claims Act expressly provides for the use of civil investigative demands to obtain answers to interrogatories, documents, and testimony to assist the United States in investigating possible False Claims Act violations. 31 U.S.C. § 3733. Demands may be issued when the Attorney General or a designee "has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation." *Id.* § 3733(a)(1). The False Claims Act also expressly allows for the enforcement of a civil investigative demand by a federal district court whenever any person fails to comply. *Id.* § 3733(j).

Courts look to three factors in determining whether a civil investigative demand is enforceable.[1] Specifically, court must ask whether (i) Congress granted the United States Attorney General (and his designees) the authority to conduct this False Claims Act investigation, (ii) the CID meets all procedural requirements, and (iii) the CID seeks evidence that is relevant and material to the United States' investigation. All three requirements have been met.

---

[1] Courts evaluate the enforceability of civil investigative demands in the same way that they evaluate the enforceability of administrative subpoenas. *United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995) (finding CIDs are administrative subpoenas); *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1087 (D.C. Cir. 1992) (acknowledging that a CID issued by the Federal Trade Commission is an administrative subpoena); *United States v. Witmer*, 835 F. Supp. 208, 220 (M.D. Penn. 1993) (acknowledging that a CID issued under the False Claims Act is an administrative subpoena), *aff'd*, 30 F.3d 1489 (3d Cir. 1994) (Table).

4

### A. CID Enforcement Proceedings Should be Limited in Scope to Encourage "Expeditious" False Claims Act Investigations

The Court's role in reviewing a civil investigative demand is "strictly limited." *UMDNJ v. Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003) (quoting *FTC v. Texaco, Inc.*, 555 F.2d 862, 871-72 (D.C. Cir. 1997) (*en banc*)). Enforcement proceedings must be limited in scope to protect "the important governmental interest in the expeditious investigation of possible unlawful activity." *Markwood*, 48 F.3d at 979. The backbone of an "agency's effectiveness in carrying out [its] congressionally mandated duties . . . is the rapid exercise of the power to investigate." *Id.* (citation omitted).

To ensure the summary nature of enforcement proceedings, the government is authorized to rely on affidavits or declarations to demonstrate that the requirements for enforcement of an administrative subpoena have been satisfied. *United States v. Stuart*, 489 U.S. 353, 360 (1989); *In re McVane*, 44 F.3d 1127, 1136 (2d Cir. 1995); *In re EEOC*, 709 F.2d 392, 400 (5th Cir. 1983).

Here, the U.S. Attorney's Office has sufficiently supported its request for enforcement by submitting the Declaration of AUSA David V. Simunovich, which demonstrates that the investigation is within the scope of the Office's authority, that the CID complies with all procedural requirements, and that the requested testimony is relevant to the Government's investigation.

### B. The U.S. Attorney's Office is Authorized to Conduct this Investigation and the CID Meets all Procedural Requirements

Congress granted the United States Attorneys General and their designees authority to investigate potential violations of the False Claims Act. The False

5

Claims Act provides civil remedies to the Government against "all fraudulent attempts to cause the Government to pay out sums of money." *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968). Here, the Attorney General's designee is investigating whether the Subject Borrower violated the False Claims Act by knowingly making false statements in its PPP loan applications. Simunovich Decl. ¶¶ 4-5. The Government has reason to believe that Jefferson has direct personal knowledge of issues at core of this investigation. *Id.* ¶ 4.

Furthermore, the "the Attorney General, or a designee" is statutorily authorized to issue civil investigative demands to investigate potential violations of the False Claims Act. 31 U.S.C. § 3733(a)(1). Consistent with § 3733(a)(2), the Attorney General delegated that authority to United States Attorneys. *See* 28 C.F.R. Appendix to Subpart Y of Part 0, Civil Division Directive 1-15 § 1(c, d). Consistent with his regulatory authority, the United States Attorney for the District of New Jersey delegated his CID-issuing authority to the Chief of the Health Care Fraud Unit (among certain others within the U.S. Attorney's Office for the District of New Jersey). Simunovich Decl. ¶ 5.

The CID also complies with all applicable statutory requirements for CIDs seeking oral testimony in that it: (i) prescribes a date, time, and place at which oral testimony shall be taken; (ii) identifies a false claims law investigator who shall conduct the examination and the custodian to whom the transcript of such examination shall be submitted; (iii) specifies that such attendance and testimony are necessary to the conduct of the investigation; (iv) notifies the recipient of the

6

right to be accompanied by an attorney and any other representative; and (v) describes the general purpose for which the demand is being issued and the general nature of the testimony, including the primary areas of inquiry, which will be taken pursuant to the demand. *Id.* Exh. 1; *see also* 31 U.S.C. § 3733(a)(2)(D)(i-v).

In sum, the U.S. Attorney's Office has authority to conduct this False Claims Act investigation, the CID was properly authorized in furtherance of that investigation, and the CID meets all procedural requirements set forth in 31 U.S.C. § 3733.

C.  **The CID seeks Evidence Relevant to the Investigation**

Testimony demanded by a civil investigative demand must be reasonably relevant to an agency's investigation. *United States ex rel. Oncology Services Corp.*, 60 F.3d 1015, 1020 (3rd Cir. 1995) (citations omitted). "'Reasonably relevant' means merely 'that the information must be relevant to *some* (any) inquiry that the [agency] is authorized to undertake." *Id.* (quoting *Dole v. Trinity Industries, Inc.*, 904 F.2d 867, 872 (3d Cir.), *cert. denied*, 498 U.S. 998 (1990) (emphasis & alteration in original)). "So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Board*, 878 F.2d 875, 882 (5th Cir. 1989) (internal quotations omitted). Relevance is broadly interpreted in the context of enforcing administrative subpoenas. *Texaco*, 555 F.2d at 872. The agency's appraisal of relevancy must be accepted "as long as it is not 'obviously wrong.'" *United States v. Hunton & Williams*, 952 F. Supp. 843, 854 (D.D.C. 1997) (citations omitted); *see also EEOC v. Karuk Tribe Hous. Auth.*, 260

7

F.3d 1071, 1076 (9th Cir. 2001) ("[C]ourts must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." (internal quotation marks omitted)); *In re McVane*, 44 F.3d at 1135 (stating that an agency's appraisal of relevancy must be accepted so long as it is not obviously wrong).

The Government satisfies this requirement here. The CID seeks testimony relevant to the United States' investigation into whether the Subject Borrower knowingly made, or caused to be made, false statements in its PPP loan applications. *See* Simunovich Decl. ¶ 4 & Exh. 1.

### D.     The CID is Neither Indefinite nor Unduly Burdensome

If Jefferson were to object to the breadth of the CID, he would bear the burden of showing that it is indefinite or unduly burdensome. *See FDIC v. Wentz*, 55 F.3d 905, 908 (3d Cir. 1995) ("The subpoenaed party bears the *heavy burden* of establishing an abuse of the court's process." (emphasis added)); *see also Golden Valley*, 689 F.3d at 1115 ("A subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." (internal quotations omitted)). Where the investigation "is authorized by law and the materials sought are relevant to the inquiry, that burden is not easily met." *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1056 (2d Cir 1973); *see also Wentz*, 55 F.3d at 908.

Non-compliance on the grounds of burden is justified only if "compliance threatens to unduly disrupt or seriously hinder normal operations of a business." *Texaco, Inc.*, 555 F.2d at 882. The question is not whether the demand is

8

burdensome or broad; "[t]he question is whether the demand is *unduly* burdensome or *unreasonably* broad. Some burden on subpoenaed parties is to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest." *Id.* (emphasis added). Moreover, to establish such a claim, the respondent must demonstrate "reasonable efforts" to "obtain reasonable conditions" from the issuing authority. *Morton Salt*, 338 U.S. at 653.

Here, Jefferson has not articulated—and cannot articulate—any justification for refusing to respond to the CID. Nor will Jefferson suffer an unreasonable burden if he is compelled to provide sworn testimony in response to the CID.

## IV.   CONCLUSION

The Government has made multiple efforts to gain Jefferson's voluntary compliance with the CID before seeking to judicial enforcement. Those efforts have been unsuccessful, and Jefferson's continued failure to appear is impeding the Government's investigation. Accordingly, and for the reasons set forth above and in the accompanying Petition, the United States respectfully requests that the Court issue an order enforcing the CID and that requires Jefferson to provide his testimony without further delay.

Dated:     Newark, New Jersey
           March 18, 2025

                        Respectfully submitted,

                        JOHN GIORDANO
                        United States Attorney

           By:   */s/ David V. Simunovich*
                  DAVID V. SIMUNOVICH
                  Assistant United States Attorney