JOHN GIORDANO
United States Attorney
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2736
david.simunovich@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Petitioner*,<br><br>v.<br><br>RODERICK JEFFERSON,<br><br>*Respondent*. | Civil Action No. 25-1931 |

**<u>DECLARATION OF AUSA DAVID V. SIMUNOVICH</u>**

I, David V. Simunovich, pursuant to 28 U.S.C. § 1746, declare:

1.    I am an Assistant United States Attorney for the District of New Jersey. Except for matters stated on information and belief, I have personal knowledge of the matters set forth herein and, if called upon to testify, could and would testify competently to these facts.

2.    The United States has commenced this summary proceeding because Respondent Roderick Jefferson has failed to comply with a civil investigative demand seeking his oral testimony.

3.    On information and belief, Respondent is a natural person residing in the Gloucester, New Jersey.

1

4.      On information and belief, Jefferson has direct personal knowledge of information concerning a False Claims Act investigation involving loans obtained by an entity (the "Subject Borrower") pursuant to the federal Paycheck Protection Program ("PPP").[1]  In all, the Subject Borrower received more than $4 million in PPP loans.

5.      The Attorney General of the United States, or a designee, is authorized to issue civil investigative demands to "any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation." 31 U.S.C. § 3733(a)(1).  Consistent with § 3733(a)(2), the Attorney General delegated that authority to United States Attorneys. *See* 28 C.F.R. Appendix to Subpart Y of Part 0, Civil Division Directive 1-15 § 1(c, d). The United States Attorney for the District of New Jersey delegated his CID-issuing authority to the Chief of the Health Care Fraud Unit (among certain others within the U.S. Attorney's Office for the District of New Jersey). *See* 28 C.F.R. Appendix to Subpart Y of Part 0, Civil Division Directive 1-15 § 1(c, d). On or about December 9, 2024, and pursuant to the U.S. Attorney's designation, the Chief of the Health Care Fraud Unit authorized Civil Investigative Demand No. NJ-2024-113 ("the CID"). *See* **Exhibit 1**.[2]

---

[1]      Because the nature and focus of the investigation is not a matter of public record, the Government is not disclosing the name of the "Subject Borrower" in this publicly-filed document. At the Court's request, the Government can provide additional information concerning the investigation under seal and *ex parte*.

[2]      The CID attached as Exhibit 1 contains two sets of redactions—the first appears in the "to" field and consists of Jefferson's home address; the second set appears in the body of the CID, and identifies the Subject Borrower's by name.

6.      On February 11, 2025, two special agents with the U.S. Small Business Administration, Office of Inspector General, personally served the CID on Respondent.

7.      The CID required Respondent to appear at the United States Attorney's Office, located at 970 Broad Street in Newark, NJ thirty days after receiving the CID, or March 13, 2025. *See* Exh. 1.

8.      On February 14, 2025, I sent a letter to Respondent via Federal Express reminding him of his obligations under the CID and inviting him to contact me to make alternate arrangements for his interview, if the designated time and place (March 13, 2025 at 10:00 am at 970 Broad Street in Newark), proved inconvenient.  A copy of that letter is attached hereto as **Exhibit 2**.[3]

9.      Respondent failed to respond to the February 14th letter. He also failed to appear on March 13th to provide his testimony.

10.     On March 13, 2025, I sent a letter, via Federal Express overnight delivery, to Respondent's home address, advising Respondent that he failed to comply with the CID, requesting that he contact this Office by March 17, 2025 to make immediate alternate arrangements for his testimony, and advising him that I would seek an appropriate Court order compelling his attendance if he failed to contact me to make those arrangements. A copy of that letter is attached hereto as

---

[3]      Exhibit 2 contains two redactions—the first concerns Jefferson's home address and the second concerns the name of the Subject Borrower.

**Exhibit 3**.[4]  As of the date of this submission, Respondent has not responded to that correspondence or contacted me to make alternate arrangements for his testimony.

11.    The testimony sought by the CID is essential to the proper conduct and completion of Government's investigation, and is essential to a legitimate law enforcement inquiry.[5] Respondent's continued failure to provide his testimony in response to the CID has impeded, and continues to impede, this Office's investigation.

12.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of March 2025 in Newark, New Jersey.

Respectfully submitted,


By:    _/s/ David V. Simunovich_____
DAVID V. SIMUNOVICH
Assistant United States Attorney

---

[4]    Exhibit 3 also contains two redactions—the first concerns Jefferson's home address and the second concerns the name of the Subject Borrower.

[5]    As the Government investigation is ongoing, it would be inappropriate to disclose in this publicly-filed document the identity of the Subject Borrower or the basis for the Government's belief that Respondent has direct personal knowledge.