[ECF No. 1]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Petitioner, | |
| v. | Civil No. 25-1931 (ESK/SAK) |
| RODERICK JEFFERSON, | |
| Respondent. | |

## REPORT AND RECOMMENDATION[1]

Before the Court is the petition of the United States (the "Government") seeking summary enforcement of a Civil Investigative Demand ("CID") issued to Respondent Roderick Jefferson [ECF No. 1]. No opposition has been filed. The Court exercises its discretion to decide this matter without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons discussed herein, it is respectfully recommended that the petition be **GRANTED**.

## I.    BACKGROUND

The Government initiated this proceeding to enforce CID No. NJ-2024-113, which seeks the oral testimony of Respondent Roderick Jefferson. *See* Pet'r's Br. at 1 [ECF No. 1-1]. Jefferson was formerly employed by an entity that is the subject of a False Claims Act investigation. *See id.* (citing Simunovich Decl. ¶ 4). The Government asserts that the "investigation focuses on whether the [subject entity] made, or caused to be made, false statements to obtain more than $4 million"

---

[1] Since the sole relief sought in this proceeding is enforcement of the Government's CID, the petition is deemed dispositive. *See EEOC v. City of Long Branch,* 866 F.3d 93, 100 (3d Cir. 2017); *N.L.R.B. v. Frazier*, 966 F.2d 812, 817–18 (3d Cir. 1992). As such, the Court proceeds by way of Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

in federal loans. *Id.* The CID was approved by the United States Attorney's Office on or about December 9, 2024. *See id.* at 2 (citing Simunovich Decl. ¶ 5).

The Government contends that it is entitled to summary enforcement because the CID was issued by an authorized official and seeks evidence relevant to its investigation. The Government further contends that the CID is consistent with the False Claims Act since it: "(i) prescribes a date, time, and place at which oral testimony shall be taken; (ii) identifies a false claims law investigator who shall conduct the examination and the custodian to whom the transcript of such examination shall be submitted; (iii) specifies that the witness's attendance and testimony are necessary to the conduct of the investigation; (iv) notifies the witness of the right to be accompanied by an attorney and any other representative; and (v) describes the general purpose for which the demand is being issued and the general nature of the testimony, including the primary areas of inquiry, which will be taken pursuant to the demand." *Id.* (citations omitted).

The Government asserts that Jefferson has failed to appear for testimony despite "multiple attempts to procure [his] voluntary compliance with the CID." *Id.* at 3 (citing Simunovich Decl. ¶¶ 6–10). On or about February 11, 2025, federal law enforcement officers personally served the CID on Jefferson. *See id.* (citing Simunovich Decl. ¶ 6). Since the CID demanded testimony thirty (30) days from the date of receipt, the Government contends that Jefferson was required to appear on March 13, 2025. *See id.* (citing Simunovich Decl. ¶ 7). "On February 14, 2025, the Government sent a follow-up letter to Jefferson inviting him to contact the U.S. Attorney's Office to make alternate arrangements . . . if the March 13th date was inconvenient." *Id.* (citations omitted). Jefferson did not respond or otherwise appear for testimony. *See id.* Thereafter, the Government sent him another "follow-up letter, advising [Jefferson] of his non-compliance, requesting that he contact the [Government] by March 17th to make alternate arrangements, and advising him that if

he failed to make such arrangements voluntarily, [it] would seek appropriate relief from the Court." *Id.* This petition was subsequently filed and served on Jefferson. *See* ECF No. 2. To date, neither Jefferson nor an attorney on his behalf has appeared or otherwise opposed the petition.

As of filing, Jefferson had not appeared for his testimony or contacted the Government to arrange for providing it. *See id.* (citing Simunovich Decl. ¶ 10). He has since "made contact" with the Government. *See* Pet'r's Letter, May 1, 2025, at 1 [ECF No. 3]. The Government, however, maintains that Jefferson "continues to refuse to agree to a date on which he will appear to provide his testimony." *Id.* As such, the Government requests that its petition be granted.

## II.    DISCUSSION

### A.  Legal Standard

The False Claims Act is "the primary litigative tool for the recovery of losses sustained as the result of fraud against the government." *Avco Corp. v. U.S. Dep't of Just.*, 884 F.2d 621, 622 (D.C. Cir. 1989) (citations omitted). Conduct giving rise to liability includes, but is not limited to, knowingly submitting false claims for payment or approval and knowingly making or using a false statement to get a false claim paid or approved. 31 U.S.C. § 3729(a)(1)(A)–(B). The Act provides for the use of CIDs to obtain answers to interrogatories, documents, and testimony to assist the government in investigating possible violations. *See* 31 U.S.C. § 3733. CIDs may be issued when the Attorney General or a designee "has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation." 31 U.S.C. § 3733(a)(1).[2] The Act also provides for judicial enforcement of a CID "[w]henever any person fails to comply." 31 U.S.C. § 3733(j)(1).

---

[2] "[T]he term 'false claims law investigation' means any inquiry conducted by any false claims law investigator for the purpose of ascertaining whether any person is or has been engaged in any violation of a false claims law." 31 U.S.C. § 3733(l)(2).

Court review of a petition to enforce a CID is narrow.  In this context, a CID is analyzed in a similar manner as an administrative subpoena. *See United States v. Witmer*, 835 F. Supp. 208, 213–14 (M.D. Pa. 1993), *aff'd*, 30 F.3d 1489 (3d Cir. 1994).  As the Third Circuit has instructed, "judicial review of administrative subpoenas is 'strictly limited.'" *Univ. of Med. & Dentistry of N.J. v. Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003) (citation omitted).  To obtain enforcement, it must be shown "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry is relevant, that the information demanded is not already within the [government's] possession, and that the administrative steps required by the statute have been followed." *F.D.I.C. v. Wentz*, 55 F.3d 905, 908 (3d Cir. 1995) (citations omitted).  The "court's role is not that of a mere rubber stamp, but of an independent reviewing authority called upon to insure [sic] the integrity of the proceeding." *Wearly v. F.T.C.*, 616 F.2d 662, 665 (3d Cir. 1980).

### B.  Analysis

The Government asserts its petition should be granted because it has shown the underlying investigation is within the scope of its authority, the CID complies with all statutory requirements, and the testimony it seeks is relevant to its investigation.  The Government has certified that, upon "information and belief, Jefferson has direct personal knowledge of information concerning a False Claims Act investigation involving loans obtained by an entity . . . pursuant to the federal Paycheck Protection Program." Simunovich Decl. ¶ 4 [ECF No. 1-2].  This entity is allegedly Jefferson's former employer. *See* Pet'r's Br. at 1.  The investigation is ongoing. Simunovich Decl. ¶ 11 n.5.  As such, the Court finds that the Government has shown the underlying investigation is within the scope of its authority.  The Court also finds that the Government has set forth an adequate basis to conclude its purpose is to obtain relevant evidence.  Given the uncontested posture of the petition, nothing in the record suggests otherwise.

4

Next, the Court finds that the substance of the CID satisfies all statutory requirements. Pursuant to section 3733, a CID seeking oral testimony shall:

> (i) prescribe a date, time, and place at which oral testimony shall be commenced; (ii) identify a false claims law investigator who shall conduct the examination and the custodian to whom the transcript of such examination shall be submitted; (iii) specify that such attendance and testimony are necessary to the conduct of the investigation; (iv) notify the person receiving the demand of the right to be accompanied by an attorney and any other representative; and (v) describe the general purpose for which the demand is being issued and the general nature of the testimony, including the primary areas of inquiry, which will be taken pursuant to the demand.

31 U.S.C. § 3733(a)(2)(D).  The CID at issue states that it requires Jefferson to provide testimony under oath within thirty (30) days of his receipt at 10:00 a.m.[3] *See* Simunovich Decl. Ex. 1, at 1 [ECF No. 1-3].  It also provides a specific location and identifies the false claims law investigator who will conduct the examination and the custodian to whom the transcript will be sent. *See id.* The CID specifically states that Jefferson's testimony is necessary to the conduct of the underlying False Claims Act investigation.  It also describes its general purpose, the testimony being sought, and the primary areas of inquiry. *See id.*  Finally, the CID notifies Jefferson of his "right to be accompanied by an attorney and any other personal representative." *Id.*  Thus, the Court finds that all procedural steps required by the statute, as it pertains to the CID, have been followed.

Lastly, the Court finds the Government has made a *prima facia* showing for enforcement of the CID.  Although a court's review is extremely limited, it must do more than "rubber stamp" the issuance of an administrative subpoena. *See Witmer*, 835 F. Supp. at 220 (citation omitted). "In the CID context, the [Government] also must show that it has complied with the specific statutory procedures for issuance of the CID, *i.e.* issuance by the Attorney General.  This level of review provides a CID recipient with his or her 'day in court.'" *Id.* at 221.  Here, the Government

---

[3] The statute prescribes a minimum period of time of seven (7) days from the date of receipt. *See* 31 U.S.C. § 3733(a)(2)(F).

has certified that the CID was issued by an authorized designee of the Attorney General. *See* Simunovich Decl. ¶ 5. Jefferson was personally served the CID on February 11, 2025. *See id.* ¶ 6. He was required to appear for his testimony by March 13, 2025. He did not. Thereafter, the Government wrote to Jefferson requesting that he contact its office by March 17, 2025 and advising him that it would seek a court order if he did not. *See id.* ¶ 10. No response was received. *See id.* On March 18, 2025, the Government filed this petition. The Government certified that Jefferson was served with a copy of the petition on March 25, 2025. *See* ECF No. 2. Nearly one month later, the Government wrote to advise that Jefferson had contacted its office but continued to refuse to agree on a date on which he would appear for his testimony. *See* Pet'r's Letter, May 1, 2025, at 1. In light of the foregoing, the Court finds that Jefferson has been provided with ample opportunity to challenge enforcement of the CID but has opted not to. His recent contact with the Government in reference to the CID only lends credence to this finding. For all these reasons, the Court will respectfully recommend that the Government's petition be granted.

## III.    <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons, on this **20th** day of **May**, **2025**, it is respectfully recommended that the Government's petition be **GRANTED** and that an order be issued requiring Roderick Jefferson to appear to provide sworn oral testimony pursuant to CID No. NJ-2024-113. The parties are hereby advised that, pursuant to FED. R. CIV. P. 72(b)(2) and L. CIV. R. 72.1(c)(2), they have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file any objections with the Clerk of the Court.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Edward S. Kiel, U.S.D.J.

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Petitioner,** | |
| **v.** | **Civil No. 25-1931 (ESK/SAK)** |
| **RODERICK JEFFERSON,** | |
| **Respondent.** | |

## <u>PROPOSED ORDER</u>

This matter comes before the Court on the petition of the United States of America for summary enforcement of Civil Investigative Demand No. NJ-2024-113, issued to Respondent Roderick Jefferson [ECF No. 1]; and the Court having considered the Report and Recommendation submitted by the Honorable Sharon A. King, U.S.M.J., pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they have fourteen (14) days from receipt of the Report and Recommendation to serve and file objections pursuant to FED. R. CIV. P. 72(b)(2) and L. CIV. R. 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown,

**IT IS** on this ____ day of _____, 2025, hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that the petition [ECF No. 1] is **GRANTED**; and it is further

**ORDERED** that, within seven (7) days of the date of this Order, Roderick Jefferson shall appear at the United States Attorney's Office for the District of New Jersey, at 970 Broad Street, Newark, NJ, to provide sworn oral testimony in response to the CID; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**.


_____

EDWARD S. KIEL
United States District Judge